UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GULSHAN MADAN,<br><br>Plaintiff,<br><br>v.<br><br>COX AUTOMATIVE CORPORATE SERVICES, LLC, et al.,<br><br>Defendants. | No. 2:26-cv-02114-DJC-JDP<br><br><u>ORDER</u> |

Plaintiff Gulshan Madan filed this action in Sacramento County Superior Court, and Defendants removed the case to this Court based on diversity of citizenship. Pending before the Court is Plaintiff's Motion to Remand (ECF No. 10), which argues this Court lacks jurisdiction because the parties are not completely diverse. For the reasons stated below, Plaintiff's Motion to Remand is denied.

**BACKGROUND**

Plaintiff Gulshan Madan filed this action in Sacramento County Superior Court against Defendants Cox Automative Corporate Services, LLC, Kari Sloan, and Does 1 through 25. (*See* Compl. (ECF No. 1-1).)

Plaintiff was hired by Defendant Cox Automative Corporate Services as a Senior Client Solution Executive in January of 2024. (*Id.* ¶ 15.) In December of 2025, Plaintiff

was diagnosed with a disabling heart condition, and subsequently went on medical leave from January 30, 2026, to March 3, 2026. (*Id.* ¶ 17–24.) Shortly after returning from leave, Defendants launched an investigation against Plaintiff for failing to perform "dealer check-ins" on three instances in December of 2025 and falsifying the corresponding business records in violation of company policy. (*Id.* ¶ 25.) According to the Complaint, Plaintiff provided the assigned investigator documentation showing the allegations made by Defendant Sloan against Plaintiff were false. (*Id.* ¶ 26.) On March 26, 2026, Plaintiff was terminated for the alleged violation of company policy and failure to perform required dealer check-ins. (*Id.* ¶ 27.)

Based on these events, Plaintiff alleges discrimination, retaliation, failure to prevent discrimination and retaliation, failure to accommodate, and failure to engage in the interactive process in violation of the California Fair Employment and Housing Act ("FEHA"), codified at Gov't Code §§ 12940, et seq. (*Id.* ¶ 29–69.) Plaintiff also alleges wrongful termination in violation of public policy, defamation, and retaliation in violation of the California Family Rights Act ("CFRA"), codified at Gov't Code §§ 12945.2, et seq. (*Id.* ¶ 70–124.)

Defendants timely removed the action to this Court under 28 U.S.C. § 1441. (Not. of Removal (ECF No. 1).) Plaintiff subsequently filed a Motion to Remand based on an absence of diversity of citizenship. (Mot. (ECF No. 10).) This Motion is fully briefed and was submitted without oral argument pursuant to Local Rule 230(g). (Opp'n (ECF No. 12); Reply (ECF No. 13); *see also* ECF No. 17.)

**LEGAL STANDARD**

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). Generally, courts "strictly construe the removal statute against removal jurisdiction." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021). Evidentiary submissions are not required in the initial notice of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84

(2014). But once removal is contested, as here, by moving to remand, "both sides submit proof and the court decides" whether jurisdiction has been met by a preponderance of the evidence. *Id.* at 88. The Court may consider evidence including "affidavits or declarations, or other summary-judgment-type evidence," to prevent "mere speculation and conjecture" regarding domicile. *Giles v. Nat'l Express Transit Corp.*, No. 1:22-cv-00257-JLT-BAM, 2023 WL 2681974, at *1 (E.D. Cal. Mar. 29, 2023) (citing *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

A case may be removed to federal court if that court would have jurisdiction over the matter. *See* 28 U.S.C. § 1441; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Subject matter jurisdiction exists in civil cases involving a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. To support diversity jurisdiction, the amount in controversy in the case must exceed $75,000, 28 U.S.C. § 1332(a), and there must be complete diversity of citizenship between the parties, meaning that "each plaintiff must be diverse from each defendant." *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001). The party asserting subject matter jurisdiction bears the burden of proving its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

A party's citizenship is determined by their state of domicile at the time of filing the lawsuit and notice of removal. *See* 28 U.S.C. 1332(a); *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Spencer v. U.S. Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 871 (9th Cir. 2004). A natural person's domicile is the state in which they physically reside and intend to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "Generally, defendants are presumed to know their own citizenship." *Tanious v. Gattoni*, 533 F. Supp. 3d 770, 776 (N.D. Cal. 2021). When domicile is contested, "objective facts" are weighed, with "no single factor controlling." *Yagman v. Gabbert*, 684 F. App'x 625, 627 (9th Cir. 2017). These objective facts include "current residence, voting registration and voting practices, location of personal and

real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750 (citations omitted); *see also Giles*, 2023 WL 2681974, at *3 (applying the "*Lew* factors" to determine domicile).

The Ninth Circuit has explained that a plaintiff's motion to remand is "the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1)." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). As such, a motion to remand may be based on either a facial attack or a factual attack on the defendant's jurisdictional allegations. *See id.* In a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual attack typically introduces evidence outside the pleadings, and the party asserting federal jurisdiction must then "support [their] jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Leite*, 749 F.3d at 1121 (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010)). "[I]f the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself." *Id.* at 1121–22 (citations omitted). The district court may also exercise its discretion to order jurisdictional discovery or hold an evidentiary hearing to resolve issues of credibility and disputed jurisdictional facts. *See Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977*)); Robertson v. Qadri*, No. 5:06-cv-04624-JF, 2008 WL 818529, at *3–4 & n.4 (N.D. Cal. Mar. 25, 2008).

## DISCUSSION

As the parties do not dispute that the amount in controversy exceeds $75,000, the sole issue before the Court is whether the parties are completely diverse. Plaintiff brings a factual attack against Defendants' assertion of diversity jurisdiction and contends Defendant Sloan is domiciled in California. (*See generally* Mot.) Meanwhile,

Defendants argue Sloan is domiciled in Nevada. (*See generally* Not. of Removal; Opp'n.) Because there is no dispute that Plaintiff is domiciled in California, Defendant Sloan's domicile determines whether complete diversity exists. (*See generally* Not. of Removal; Mot.)

In her declaration, Defendant Sloan states that she resides in Reno, Nevada, with her husband and daughter and intends to remain in Nevada indefinitely. (Sloan Decl. ¶¶ 2, 6, 15, Ex. A.) She claims that she moved to Nevada from California in August 2024 to provide support during her daughter's transition to nursing school. (*Id.*) As a result, Defendant Cox began to categorize her as a "Remote-Nevada" employee in their payroll records. (*Id.* ¶ 5, Ex. G.) Defendant Sloan also presents evidence that she has a Nevada driver's license, and that her vehicle is registered and insured in Nevada. (*Id.* ¶¶ 3–4, Exs. B–C, E.) Additionally, she filed 2024 and 2025 federal and state tax returns as a Nevada resident. (*Id.* ¶ 4, Ex. D.) Sloan asserts that she raised her children in Auburn, California, and continues to own a home in Auburn that she refers to as her "vacation home." (*Id.* ¶ 8.) She represents that she has no blood relatives in California, and only her husband's parents and grandmother still reside in California. (*Id.* ¶ 4.) She also claims to own rental properties across California and uses a P.O. Box in California as her address "exclusively" for these rental properties. (*Id.* ¶¶ 6, 8, 9.)

Other courts in this district and the Ninth Circuit have found that the above facts are sufficient to support findings of domicile. *See, e.g.*, *Giles*, 2023 WL 2681974, at *3 (holding that a sworn declaration of the defendant's Illinois employment, place of residence, and intention to remain in Illinois was sufficient to show that the defendant was a citizen of Illinois, even with the defendant's LinkedIn profile indicating employment in California); *Carradine v. Sears, Roebuck & Co.*, No. 2:10-cv-01879-CAS-RC, 2010 WL 11595464, at *2–3 (C.D. Cal. June 11, 2010) (finding that an Arizona residence, a sworn declaration of an intent to live indefinitely in Arizona, an Arizona driver's license, and an Arizona address where mail, energy, and phone bills were

delivered to be "sufficient evidence" to establish domicile). The Court finds the same to be the case here.

Plaintiff's arguments to rebut this evidence do not alter the Court's conclusion. In fact, within the *Lew* factors cited by Plaintiff to determine domicile (*See* Mot. at 3), Defendant Sloan fails on just one: she does not own real property in Nevada. She continues to own her previous residence in Auburn, California, and receives the California Homeowners' Exemption for the residence, available to homeowners who occupy the property as their primary residence. (*See* Reply at 3–4.) However, Defendant Sloan claiming a homeowner's exemption in California is "not dispositive" for domicile "in light of other evidence in the record." *Strabala v. Zhang*, 318 F.R.D. 81, 101 (N.D. Ill. 2016); *see also Spencer v. Greenwald*, No. 4:20-cv-00440-BRW, 2021 WL 1976080, at *1–2 (D. Idaho Jan. 4, 2021) (finding residence, ownership of real property, and sworn intent to stay permanently in Oregon outweighed claim of homeowner's exemption in real property located outside of Oregon). Further, Defendant Sloan has stated her intention to sell the Auburn property and purchase real property for her primary residence in Nevada when her financial situation allows for it.[1] (*See* Sloan Decl. ¶ 6.)

The other evidence that Plaintiff relies on is the address listed in a small claims case filed in California in July of 2024, before the present case was filed and removed in 2026 and before Defendant Sloan signed a lease in Nevada starting in August of 2024. (*See* Opp'n at 9, Ex. A.) Similarly, the evidence provided regarding Sloan's daughter's attendance of a California high school in 2023 and 2024 and Sloan's social media profiles on Facebook and LinkedIn that show her location as "Auburn" and "Greater Sacramento" respectively does not help establish Sloan's domicile in California within the relevant timeframe. (Mot. at 6–8, Ex. G.) On Sloan's social media,

[1] Plaintiff also questions how Defendant Sloan's current residence in Nevada provides adequate space for Defendant Sloan, her husband, and her daughter. (*See* Reply at 4, Exs. B–C.) The Court finds this inference around a family's living arrangement outweighed by the significant documentary evidence provided by Defendants.

"[t]here is no indication as to when that profile information was last updated." *Giles*, 2023 WL 2681974, at *3. Indeed, Defendant Sloan stated in her declaration that she has not updated her Facebook and LinkedIn profile in two years. (Sloan Decl. ¶ 12.) Finally, the fact that Defendant Sloan's "professional activities remain[] centered in California" does not change the outcome of the domicile analysis, as Sloan provided evidence of her remote worker status with her employer, Defendant Cox. (Mot. at 7; Sloan Decl. ¶ 5, Ex. G.)

Still, Plaintiff asserts that "[c]ompeting evidence regarding Sloan's domicile requires the Court to strictly construe the removal statute, resolve any doubts in favor of remand, and conclude that Defendants have failed to satisfy their burden of establishing Nevada domicile." (Reply at 3.) However, as noted above, if there is a factual attack on jurisdiction, the district court may exercise its discretion to resolve the factual disputes itself, order additional jurisdictional discovery, or hold an evidentiary hearing. *Leite*, 749 F.3d at 1121–22; *Wells Fargo & Co.*, 556 F.2d at 430 n.24; *Robertson*, 2008 WL 818529, at *3–4 & n.4. The parties do not seek additional jurisdictional discovery or an evidentiary hearing, and even if they did, the Court does not believe either is required because there is no actual dispute of jurisdictional facts, but rather differing interpretation of the legal effect of those facts. Therefore, the presence of competing evidence alone does not "require" remand where, as here, the party seeking diversity has proven domicile by a preponderance of the evidence and the district court can resolve the factual disputes itself.

The Court finds by a preponderance of the evidence that Defendant Sloan was domiciled in Nevada when this case was filed and removed. Plaintiff does not provide competent evidence rebutting Sloan's sworn declaration and documentary evidence regarding Sloan's Nevada domicile. As a result, complete diversity exists and subject matter jurisdiction within this forum is proper.

////

////

## CONCLUSION

For the reasons stated above, the Court concludes that the parties' citizenship is completely diverse. IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 10) is DENIED.

IT IS SO ORDERED.

Dated: **September 14, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC11 – madan26cv02114.mtr